IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| SEDRICK TIMOTHY WALKER, | ) CASE NO. 09-33809-H3-13 |
| Debtor | ) |

### MEMORANDUM OPINION

The court has heard the Trustee's Motion to Dismiss (Docket No. 29) filed by William E. Heitkamp and has considered the "Debtor's Emergency Motion For Continuance" (Docket No. 34) filed by Sedrick Timothy Walker, Debtor, appearing *pro se.* After review of Debtor's Response to the Trustee's dismissal motion (Docket No. 31), the evidence, docket sheet, pleadings, and entire file in the above captioned bankruptcy case, the court makes the following Findings of Fact and Conclusions of Law. A separate Judgment will be entered denying the Debtor's request for continuance and dismissing this case with prejudice to refiling for 180 days. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

The above referenced bankruptcy proceeding is Debtor's sixth individual Chapter 13 bankruptcy filing. The court takes

judicial notice of all the bankruptcy proceedings referenced in this order, including the docket sheets, pleadings, entire files and hearings held.  Case No. 94-40032-H5-13 was filed by Debtor *pro se* on January 3, 1994.  The docket reflects that the Debtor did not attend the meeting of creditors (Docket No. 10).  The Chapter 13 Trustee and a creditor, Resolution Trust Corporation, each filed dismissal motions.  On May 12, 1994, Debtor's case was dismissed with prejudice to refiling for 180 days on the motion of the creditor.  Case No. 94-48258-H3-13 was filed by Debtor *pro se* on December 5, 1994.  The docket reflects that the Debtor did not attend the meeting of creditors (Docket No. 8).  On May 23, 1995, the case was dismissed on the Chapter 13 Trustee's motion.

Case No. 95-46738-H1-13 was filed by Debtor *pro se* on September 1, 1995.  Two dismissal motions were filed, one by the Chapter 13 Trustee and the other on an expedited basis by a creditor, Great Financial Bank.  On May 12, 1994, Debtor's case was dismissed with prejudice to refiling for 180 days on the motion of the creditor.

Case No. 04-47099-H4-13 was filed by Debtor through counsel of record on December 3, 2004.  A plan was confirmed on June 8, 2005 that provided unsecured creditors a distribution of 1.97% on their claims.  Docket No. 22.  Thereafter, on May 18, 2006, the Chapter 13 Trustee filed a dismissal motion based upon Debtor's failure to make plan payments.  Docket No. 52.  At the

dismissal hearing, the Trustee withdrew his motion based upon the announcement that Debtor was to file a motion to convert the case to a chapter 7 proceeding. The Debtor voluntarily converted the case on July 18, 2006. Docket No. 61. The court notes that on September 15, 2006 counsel for Debtor filed a Motion To Withdraw As Attorney (Docket No. 73) as a result of Debtor's filing a Notice of *Pro Se* Status on September 12, 2006 (Docket No. 71). The Notice reflects that Debtor was proceeding *pro se* and that his counsel of record was no longer his attorney. On September 20, 2006, the court granted the attorney's Motion To Withdraw (Docket No. 74) and dismissed the case (Docket No. 75) on the Chapter 7 Trustee's motion. The Trustee's motion was based upon Debtor's failure to appear at the initial meeting of creditors held on August 8, 2006 and the reset of the creditor's meeting on August 22, 2006.

Case No. 06-35035-H4-13 was filed by Debtor *pro se* on September 29, 2006. The Chapter 13 Trustee filed a dismissal motion based upon the failure of the Debtor to: make plan payments; execute a wage order; amend the plan to pay ongoing mortgage payments through the plan; amend the plan to provide for payment of the claims of secured and priority creditors in full; provide copies of his 2005 tax return; and amend his Statement of Financial Affairs as to his 2005 gross income. Docket No. 24. At the hearing on the Trustee's motion, on January 8, 2007, the

court denied confirmation of Debtor's proposed plan and converted the case to a chapter 7 proceeding. Docket Nos. 54 and 55. Thereafter, the Debtor appeared at the initial chapter 7 creditors' meeting on February 2, 2007 and asked for a continuance. The Chapter 7 Trustee agreed but requested that Debtor provide him with tax returns and bank statements. The creditors' meeting was reset on three different occasions, February 16, 2007, March 16, 2007, and March 30, 2007. Debtor failed to appear at any of these meetings and failed to provide the Chapter 7 Trustee with the requested documents. On May 4, 2007, the case was dismissed with prejudice to refiling for 180 days on the motion of the Chapter 7 Trustee. Docket No. 70.

The instant bankruptcy case was filed by Debtor *pro se* on June 1, 2009. Debtor appeared at the creditors' meeting which was held on July 15, 2009 but not concluded. On July 27, 2009, the Chapter 13 Trustee filed a dismissal motion for the failure of the Debtor to: make plan payments; execute a wage order, file his 2006 and 2008 tax returns; provide a complete copy of his 2008 tax return; provide the Trustee with proof of his spouse's income; file a plan, plan summary and statistical cover sheet; properly notice the plan, plan summary, and confirmation hearing; submit to an examination of requested financial records by the Trustee's accountant; and file a separate business budget. Docket No. 29. The Debtor filed a one sentence Response which

"generally denies all the claims of deficiencies outlined in Trustee's Motion To Dismiss..."  Docket No. 31.

Debtor did not appear at the August 27, 2009 hearing on the dismissal motion.  The court notes that a document, dated August 26, 2009 and entitled "Debtor's Emergency Motion For Continuance" (Docket No. 34) appears to have been faxed to the office of the Clerk of Court, Southern District of Texas on August 26, 2009 at 3:46 o'clock p.m. from "Dr. Pepper Houston." Debtor's Schedule I reflects that Debtor works for "Dr. Pepper Snapple Group" as a dispatcher.  Docket No. 18.

At the bottom of the document, it states that a copy of the document has been "filed with the Bankruptcy Clerk for the Southern District of Texas, Case Manager for Judge Paul, and a copy sent via facsimile to Chapter 13 Trustee William Heitkamp's office."  It appears to be signed by Debtor and requests that the Trustee's dismissal hearing set for August 27, 2009 be rescheduled due to Debtor's work obligations and that Debtor needs more time to hire an attorney.  The document also reflects that "Debtor is still curing deficiencies as outlined in the Trustee's Motion ..." and that the "Debtor is current on all anticipated plan payments to Trustee and has filed his 2008 federal income taxes."

Bankruptcy Rule 5005 requires that petitions or other papers are to be filed with the clerk in the district where the

5

case under the Code is pending.  Debtor's motion for continuance was not filed with the Clerk of Court, 515 Rusk Avenue, Houston, Texas in person or by electronic filing.  However, upon receipt of the Debtor's facsimile, the motion was transmitted to the Clerk of Court for filing.  Bankruptcy Rule 5005.  In connection with the motion for continuance, Debtor failed to provide a separate form of order, failed to provide a certificate of service, and failed to file a separate motion requesting an emergency hearing.  Bankruptcy Rule and Bankruptcy Local Rule 9013.  Despite the procedural defects of Debtor's motion, the court has considered the Debtor's request on the merits.

   The court finds that Debtor's serial filings are an abuse of the bankruptcy system.  In the instant case, Debtor has failed to cure the deficiencies outlined in the Trustee's motion.  Debtor's failure to promptly correct deficiencies and make the required Chapter 13 plan payments in this case, and previous cases, demonstrate a continued lack of good faith.  The court finds that Debtor's conduct (including filing multiple bankruptcy proceedings, failing to appear, and failing to obey court orders) evidences a consistent pattern of delay in the instant case and in Debtor's prior cases.  The court finds that the Debtor's untimely motion for continuance is yet another attempt to delay the case.  The court finds that Debtor has unreasonably delayed

the case and that delay is prejudicial to creditors.

Based on the foregoing, a separate Judgment will be entered denying the Debtor's motion for continuance and granting the Trustee's dismissal motion with prejudice.

Signed at Houston, Texas on the 9th day of September, 2009.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE